No. 25,864.

Edwin Weyer, *Appellee*, v. Lena Morrison, *Appellant*.

SYLLABUS BY THE COURT.

Executors and Administrators—*Allowance of Claims—Contracted Services— Evidence.* In an appeal from a judgment allowing a claim against an estate, the record is examined and it is held, there is evidence to support the findings and judgment.

Appeal from Nemaha district court; C. W. Ryan, judge. Opinion filed May 9, 1925. Affirmed.

*Charles H. Herold, Clifford Baldwin,* both of Seneca, *W. I. Stuart, Paul Bailey,* both of Hiawatha, *Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the appellant.

*R. M. Emery,* and *R. M. Emery, Jr.,* both of Seneca, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an appeal from a judgment allowing a claim against an estate.

August Weyer and his wife Sophie Weyer resided in Nemaha county many years and accumulated considerable property. They had four children. The older son and the older daughter married and went to homes of their own. In April, 1913, the other daughter was to be married. August Weyer and his wife executed to the younger son, who was then at home, the following written instrument:

"April 19, 1913. We promise to pay to Eddie Weyer four dollars a day from the time Annie Ritchie left home and was married up to our own death, and until all personal property and real estate is all settled up, if he stays single and at home until our death. (Signed) AUGUST WEYER.
SOPHIE WEYER."

The son Edwin (Eddie) remained at home and remained single. In 1911 August Weyer and his wife made a partial distribution of their estate by conveying to each of their four children 320 acres of land of approximately equal value. In 1921 they made a further partial distribution of their estate by conveying to each of their four children 160 acres of land. This left the home place of 320 acres.

August Weyer died October 8, 1921, and left a will giving all of his property to his widow. Sophie Weyer died October 23, 1921, intestate. After her death the son Edwin presented a claim against her estate to the probate court for $18,136, being for the sum of $4 per day since the marriage of Annie Ritchie until the death of his mother, based upon the written promise above mentioned. The older sister, Lena Morrison, filed a pleading in the probate court in opposition to the allowance, in which she denied, under oath, the execution of the written instrument relied upon by the claimant. Upon the hearing in probate court the claim was allowed in the sum of $8,875. Both parties appealed to the district court, where the case was tried to a jury who made findings of fact and rendered a general verdict for the claimant for the full amount of his claim.

Upon the trial in district court it was one of the contentions of Lena Morrison, in opposition to the allowance of the claim, that Edwin Weyer had received all of the income from the home place for several years in consideration of his staying at home and caring for his parents. The claimant, Edwin Weyer, contended that there was a subsequent agreement made some five or six years before his father's death by which he was to have the income from the home place in consideration of his paying taxes, keeping up improvements and paying the insurance. By answer to special question, the jury found all of the controverted matters in favor of the claimant, and specifically found that he had received the income from the home place for several years for the payment of taxes and upkeep of the place. The jury further found the reasonable rental value of the home place for each of several years prior to the death of August Weyer, but the jury was not asked, and did not find, what had in

fact been received by Edwin Weyer from the place. In this court it is conceded by appellant that there was evidence from which the jury might find that the instrument of April 19, 1913, was executed and delivered to Edwin Weyer.

Appellant's real complaint in this court is that, considering the agreement to have been made as found by the jury, the amount of recovery should have been reduced by the value of the use of the home place for several years prior to the death of the old people. Appellee contends that this question was not presented by the pleadings. The only pleadings in the case were the claim of Edwin Weyer and the instrument filed by Lena Morrison denying the execution of it. But it appears from the record this question was tried out just as though it had been pleaded. The court might have required a recasting of the pleadings, but neither party asked that, and ordinarily in an appeal of a claim of this character from the probate court, every question that enters into the allowance of the claim, either in whole or in part, may be gone into, either on the original pleadings filed or upon supplemental pleadings, if they are required. Since the question was gone into fully, there is no reason for refusing to dispose of the matter because of the state of the pleadings.

Appellant contends there was no evidence of any subsequent agreement by which Edwin was to have the income from the home place for the payment of taxes, upkeep and insurance. In this counsel are in error. Annie Ritchie testified that she heard her father tell Edwin he could have what the home place produced if he would keep up the improvements on the place and the insurance and pay the taxes. This was some five or six years before the death of August Weyer. She further testified that Edwin did pay the taxes and keep up the improvements, and the jury, in answer to a special question, found that he received the income from the home place for paying the taxes, keeping up the improvements and paying the insurance. Hence, there is direct evidence, aside from the testimony of the claimant, upon that question.

At the trial appellant undertook to show that in some previous hearings in probate court, and in a partition suit in district court, Edwin had testified that he was to have the income from the home place for staying at home and taking care of the old folks, and produced testimony to that effect. This, however, was controverted by other witnesses and was a matter for the jury to determine from

all the evidence. But appellants argue that what he testified to in court did not establish his contract by which he was to have the income from the home place for paying the taxes, insurance and keeping up improvements. That is well said, but there is the testimony of Annie Ritchie of that specific contract and of its performance by Edwin, and since there was no evidence that any such contract was not made, the jury was justified, if it believed the testimony of Annie Ritchie, to make the finding it did.

Finding no error in the case, the judgment of the court below will be affirmed.